**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RICHARD BOWER,                                                                                        PLAINTIFF
ADC #144498

v.                                          5:14CV00318-BSM-JTK

HOBBS, Director, Arkansas Department
of Correction, et al.                                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I. Introduction

Plaintiff Richard Bower is a state inmate confined at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action against Defendants Hobbs and Union Supply Company, claiming that Union Supply Company took his property pursuant to deceptive business practices (Doc. No. 2.) By Order dated August 28, 2014, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit, and provided him the opportunity to file an Amended Complaint, noting that his Original Complaint did not state a claim upon which relief may be granted (Doc. No. 3). Plaintiff, however, has not filed an Amended Complaint within the thirty-day time period set

forth by the Court. (Id.)

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

## II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1)

screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III.    Facts and Analysis

As noted in the August 28, 2014 Order, Plaintiff alleges that the ADC is "responsible for the safty (sic) and property of its inmates. They also set the standards of the companys (sic) it deals with....Union Supply Co. has taken my free items which is a breach of contract, theft by deception, a criminal conspiracy and deceptive business practice." (Doc. No. 2, p. 4.)

From this limited statement of claim, the Court finds that Plaintiff does not state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983, for several reasons. In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Initially, it does not appear to the Court that Defendant

Union Supply Company is a state actor within the meaning of this statute. However, even if it is considered a state actor, Plaintiff's allegations against it are too vague and conclusory to determine what transpired and how Plaintiff's constitutional rights were violated.

In addition, Plaintiff does not include any specific allegations against Defendant Hobbs, and it appears that he was named as a Defendant solely based on his position as ADC Director. However, supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). In this case, Plaintiff does not allege any knowledge or personal involvement by Defendant Hobbs.

And finally, if Plaintiff's allegation is construed as one for loss of property, it does not state a constitutional claim for relief. When a state actor deprives an individual of personal property, the individual does not have a § 1983 claim if the state law provides adequate post-deprivation remedies. Hudson v. Palmer, 468 U.S. 517, 536 (1984). The State of Arkansas provides such remedies through the Arkansas Claims Commission. See ARK. CODE ANN. § 19-10-204. In addition, in Arkansas, the action of conversion is a common law tort action for the wrongful possession or disposition of someone's property. McQuillian v. Mercedes-Benz Credit Corp., 331 Ark. 242, 247 (Ark. 1998). See also Scott v. Boyd, No. 3:08cv00136WRW, 2008 WL 4874058 (E.D.Ark. 2008), where the plaintiff inmate sued

defendants for damages in a § 1983 action, for property that was lost or stolen while he was incarcerated at the Crittenden County Jail.

Therefore, absent additional clarification of the allegations set forth in his Complaint, the Court finds that it should be dismissed, for failure to state a claim upon which relief may be granted.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 6th day of October, 2014.

_____
    JEROME T. KEARNEY
    UNITED STATES MAGISTRATE JUDGE